IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GERALD DAVID BROWN,

    Plaintiff,

v.                                       Civil Action No. 5:07CV166
                                                 (STAMP)
MR. OTTO, MR. PULICE, MR. BESS,
MR. STEVER, MR. GRIFFIN, MR. CORBETT,
MS. CHURCH, MS. GAUL and MS. LOHR,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

On December 18, 2007, the plaintiff, Gerald David Brown, appearing pro se,[1] filed a civil rights complaint against the above-named defendants. The case was referred to United States Magistrate Judge John S. Kaull to recommend disposition. On December 19, 2007, the Clerk's Office sent the plaintiff a deficiency notice advising him that he must either pay the required filing fee or request to proceed as a pauper if he wishes to pursue this case further. When the plaintiff did not respond, the magistrate judge issued an order directing the plaintiff to show cause why his action should not be dismissed for failure to prosecute. The plaintiff did not respond to that order.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

On February 29, 2008, the magistrate judge entered a report recommending that the plaintiff's civil rights complaint be dismissed without prejudice for failure to prosecute. The plaintiff has not filed objections to the report and recommendation.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff did not file objections, this Court reviews the report and recommendation for clear error.

## III. Discussion

The magistrate judge found that as of the date of his report and recommendation, the plaintiff had not paid the required filing fee, requested to proceed as a pauper, or otherwise explained his reasons for noncompliance. After a review of the pleadings in this action, this Court finds that the plaintiff still has not paid the filing fee, requested to proceed as a pauper, or otherwise explained his reasons for noncompliance. Accordingly, this Court finds that the magistrate judge's report and recommendation is not

clearly erroneous because the plaintiff has failed to prosecute his case.

Further, the plaintiff's motion to stay is denied as untimely. Because this Court dismisses his civil rights complaint without prejudice, the plaintiff will suffer no unfair prejudice by being required, if he wishes to pursue the matter, to refile his case. Accordingly, this Court declines to permit the plaintiff to keep his case "open" for an undetermined period of time.

### III.  Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the plaintiff's civil rights complaint is hereby DISMISSED WITHOUT PREJUDICE for failure to prosecute. Additionally, the plaintiff's motion to stay is DENIED as untimely. This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff.

DATED:    April 2, 2008

<pre>                                /s/ Frederick P. Stamp, Jr.
                                FREDERICK P. STAMP, JR.
                                UNITED STATES DISTRICT JUDGE</pre>